UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES BROWN,

                   Plaintiff,

      v.

DDS MANESH MEWAR, and
D.A. NANCY TAPP,

                   Defendants.

**DECISION
and
ORDER**

**07-CV-00551(F)**

_____

APPEARANCES:    JAMES BROWN, *Pro Se*
                           82-C-0099
                           Attica Correctional Facility
                           Box 149
                           Attica, New York 14011

                           ANDREW M. CUOMO
                           Attorney General, State of New York
                           Attorney for Defendants
                           MICHAEL A. SIRAGUSA
                           Assistant New York Attorney General, of Counsel
                           Main Place Tower
                           Suite 300A
                           350 Main Street
                           Buffalo, New York 14202

## JURISDICTION

This case was assigned to the undersigned pursuant to this court's Standing Order, Amended Plan for the Disposition of *Pro Se* Cases, adopted and filed October 1, 1996, § I, ¶ C.5, for disposition of all non-dispositive pretrial matters. The matter is presently before the court on Defendants' motion to amend or correct the answer (Doc. No. 16), filed July 14, 2009, and Plaintiff's motion seeking to join additional defendants (Doc. No. 20), filed August 6, 2009.

# **BACKGROUND and FACTS**[1]

Plaintiff James Brown ("Plaintiff"), proceeding *pro se*, commenced this civil rights action on August 22, 2007, while incarcerated at Elmira Correctional Facility ("Elmira") or "the correctional facility"), alleging that from December 17, 2003 until February 11, 2005, Defendants Manesh Mewar, DDS ("Dr. Mewar" or "Defendant")), and dental assistant Nancy Tapp ("Tapp"), denied Plaintiff dental care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Specifically, Plaintiff alleges that Defendants' failure to pull an abscessed tooth caused Plaintiff pain and suffering, and rendered Plaintiff unable to eat. On April 10, 2008, Defendant filed an answer (Doc. No. 5) ("Answer").

On April 7, 2009, Plaintiff moved to amend the complaint, seeking to terminate Tapp as a Defendant, and to add one John Gibson, DDS ("Dr. Gibson"), as a Defendant. By order filed May 14, 2009 (Doc. No. 11), the undersigned granted the motion to amend as to the request to terminate Tapp as a defendant, but, given that Plaintiff withdrew the request to add Dr. Gibson as a defendant, denied the request at to Dr. Gibson. As such, Dr. Mewar is the sole defendant in this action.

A Scheduling Order filed June 23, 2009 (Doc. No. 15) ("June 23, 2009 Scheduling Order"), establishes August 31, 2009, as the deadline for motions to either amend the pleadings or join parties. On July 14, 2009, Defendant filed the instant motion (Doc. No. 16) ("Defendant's motion"), seeking to amend the answer to assert a statute of limitations affirmative defense, along with the Declaration of Assistant

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Attorney General Michael A. Siragusa ("Siragusa") in Support of Defendant's Motion for Leave to Amend Defendant's Answer (Doc. No. 17) ("Siragusa Declaration"), and the Memorandum of Law in Support of Defendant's Motion for Leave to File an Amended Answer to Plaintiff's Complaint (Doc. No. 18) ("Defendant's Memorandum"). Although an order filed on July 21, 2009, directs Plaintiff to file a response to Defendant's motion by July 31, 2009, to date, Plaintiff has not filed any such response.

On August 6, 2009, Plaintiff filed a motion (Doc. No. 20) ("Plaintiff's motion"), supported by the attached Memorandum of Law in Support of Plaintiff's Motion for Joinder of Other Parties to Plaintiff's Complaint Pursuant to Federal Rules Civil Procedure Rule 20(1)(A)(B) 28 U.S.C.A. ("Plaintiff's Memorandum"), seeking to add as Defendants "Superintendent Calvin West, Dentist John Gibson, and all employees that was [*sic*] employed at Elmira Correctional Facility dental Dept. from December 17, 2003 until February 11, 2005 . . . ." Plaintiff's Memorandum at 2. On August 27, 2009, Defendant filed a Memorandum of Law in Opposition to Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 20 (Doc. No. 23) ("Defendant's Response"). On September 8, 2009, Plaintiff filed Plaintiff's Reply to Defendant's Opposition to Plaintiff's Request to Join Other Defendants to Plaintiff's Complaint (Doc. No. 24) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, Defendant's motion to amend the answer is GRANTED; Plaintiff's motion to add defendants is DENIED without prejudice and with leave to renew.

**DISCUSSION**

**1.    Motion to Amend the Answer**

Defendant seeks to amend the answer to assert expiration of the relevant statute of limitations as an affirmative defense.  Defendant's Memorandum at 1.  According to Defendant, the instant motion should be granted because it is timely filed given that the June 23, 2009 Scheduling Order requires such motions be filed by August 31, 2009. *Id*. at 2.  Defendant asserts because Fed. R. Civ. P. 15(a) provides that leave to amend be freely granted absent undue delay for the motion, prejudice to the opposing party, or bad faith.  *Id*. at 2-3.  Defendant attributes that decision not to assert the statute of limitations affirmative defense in the original answer because on its face, the Complaint alleges an Eighth Amendment violation based on Defendant's denial of dental care from December 17, 2003 until February 11, 2005, but Plaintiff's dental records, which Defendant did not receive for review until a later, unspecified date, establishes that Defendant was only involved with Plaintiff's dental care in December 2003.  *Id*. at 3; Siragusa Declaration ¶¶ 4, 7, 10-11, thereby rendering Plaintiff's Eighth Amendment claim untimely under the applicable three-year statute of limitations.  Finally, Defendant asserts that allowing Defendant to assert that the action is time-barred would not be futile as such defense could entirely bar litigation of Plaintiff's claim.  Defendant's Memorandum at 3.  As stated, Plaintiff has not presented any argument in opposition to Defendant's motion.

Fed.R.Civ.P. 15 provides that leave to amend a pleading "shall be freely granted when justice so requires."  An amended complaint may be filed pursuant to Fed.R.Civ.P. 15(a) where the new allegations do not unduly prejudice an opponent, are

4

not the result of undue delay or bad faith, and are not futile.  *Foman v. Davis*, 371 U.S. 178, 181 (1962).  *Accord Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000) ("In general, district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility (citing cases)).  Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted. *Block v. First Blood Associates,* 988 F. 2d 344, 350 (2d Cir. 1993).  Here, the court finds the circumstances warrant permitting the amendment.

In particular, Defendant's explanation, undisputed by Plaintiff, that from the face of Plaintiff's complaint, it is not evident that Plaintiff's Eighth Amendment failure to treat claim potentially is time-barred, and it was not until Defendant received and reviewed Plaintiff's dental records that Defendant realized the records fail to establish any personal involvement by Defendant in Plaintiff's dental care beyond December 2003, establishes that the motion is not made in bad faith.  Although Defendant does not specify when Plaintiff's dental records were received and reviewed, Plaintiff does not argue that Defendant unduly delayed in making the instant motion.  Nor has Plaintiff argued, or provided any evidence establishing, that Defendant's assertion of the statute of limitations defense is futile.  Indeed, should the evidence establish, either on summary judgment or at trial, that Dr. Mewar was not personally involved with Plaintiff's dental care after December 2003, the action, filed August 22, 2007, would be time-barred given that the statute of limitations applicable to Plaintiff's Eighth Amendment deliberate indifference to serious medical need claim is three years.  *See Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990) ("New York's three year statute of

5

limitations under N.Y.Civ.Prac.L.&R. 214(2) (McKinney 1990) governs § 1983 actions filed in federal district court in New York.").

Under these circumstances, Defendant's motion to amend the answer is GRANTED.


**2.     Motion to Join Defendants**

Plaintiff, moves pursuant to Fed.R.Civ.P. 20(a) ("Rule 20(a)"), to add as Defendants Elmira Superintendent Calvin West ("West"), Dentist John Gibson ("Dr. Gibson"), and all other Elmira dental department employees from December 17, 2003, until February 11, 2005, asserting Rule 20(a) provides for permissive joinder of such employees who are jointly liable to Plaintiff based on their knowledge that Plaintiff suffered from "excruciating pain" caused by an abscessed tooth, for which Plaintiff was denied dental care by the staff of Elmira's dental department.  Plaintiff's Memorandum at 2-4.  In opposition, Defendant argue that Plaintiff's motion should be denied, under Rule 15(a), based on futility because the claims Plaintiff seeks to assert against the putative defendants are now time-barred.  Defendant's Response at 2-3.  In further support of the motion, Plaintiff argues that the claims against the putative defendants would not be time-barred, nor is the motion made after unreasonable delay, in bad faith, or with dilatory motive, and would not be unduly prejudicial to Defendant.  Plaintiff's Reply at 1.  Plaintiff further maintains that, pursuant to Rule 20(a), he is entitled to permissively join in one action all persons against whom he asserts a right to relief, whether such persons be jointly or severally liable.  *Id*.

Plaintiff essentially seeks to amend the Complaint to add new defendants who

6

are permissive, *i.e.*, not indispensable, parties.[2]  Although Rule 15(a)(2) provides the procedure by which Plaintiff can amend the Complaint to add defendants, "the nature of a motion is determined by its substance and not the label attached to it." *Rosado v. Johnson*, 589 F.Supp.2d 398, 400 (S.D.N.Y. 2008) (construing plaintiff's motion to amend complaint to add defendant as a motion to join a permissive defendant pursuant to Rule 20(a)).  In other words, "Rule 15(a)(2) governs only the procedure by which [the plaintiff] could amend his Complaint, and, when seeking to join a permissive defendant via amendment, Rule 20 governs whether or not joinder is possible." *Barrett v. Prison Health Services, Inc.*, 647 F.Supp.2d 314, 318 (D.Vt. 2009).  *See also R&M Jewelry, LLC v. Michael Anthony Jewelers, Inc.*, 221 F.R.D. 398, 399 (S.D.N.Y. 2004) ("To add a party, [the plaintiff] must also satisfy the requirements of Rule 20(a), which specifically addresses permissive joinder of parties.").

Plaintiff's motion therefore is made pursuant to Rule 20(a) which, as relevant, provides that persons

> may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2).

According to Plaintiff, West, Dr. Gibson, and the entire Elmira dental department staff participated in and, thus, were aware, of the failure to treat Plaintiff's abscessed tooth,

---

[2] Plaintiff's motion seeks permissive joinder because "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes*, 498 U.S. 5, 7 (1991).

yet failed to take any steps to correct the situation.  Plaintiff's Memorandum at 2-3.  Defendant does not deny these assertions but, rather, maintains that more than three years have elapsed since any alleged wrong-doing by West, Dr. Gibson, and the Elmira dental department employees, such that the claims are time-barred against them under the applicable three-year limitations period.  Defendant's Response at 3.  As such, Defendant maintains Plaintiff's motion should be denied under Rule 15(a) as futile.  *Id*.

The allegations Plaintiff seeks to assert against West, Dr. Gibson, and all Elmira dental department employees satisfy Rule 20(a)'s requirement for permissive joinder of defendants, including the alleged denial of dental treatment arose out of the same series of occurrences, and involved the same issues of law and facts regarding whether Plaintiff's Eighth Amendment rights were violated by conduct exhibiting deliberate indifference to Plaintiff's serious medical need based on a failure to treat Plaintiff's abscessed tooth.  Defendant does not argue otherwise.

Nevertheless, because the allegations Plaintiff seeks, by motion filed on August 6, 2009, to assert against West, Dr. Gibson, and all Elmira dental department employees occurred "from December 17, 2003 until February 11, 2005," the claims are time-barred under the three-year limitations period applicable to Plaintiff's § 1983 claims, *Jewell*, 917 F.2d at 740, unless Plaintiff can establish, pursuant to Fed. R. Civ. P. 15(c), that such claims relate back to the filing of the original Complaint on August 22, 2007.  *Barrow v. Whethersfield Police Dept.*, 66 F.3d 466, 469-70 (2d Cir. 1995).  In particular, the Second Circuit has held that

> Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.  Rule 15(c) explicitly allows the relation

> back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.

*Id*. at 470 (holding new names of defendants plaintiff sought to substitute for "John Does" were added to correct a lack of knowledge, rather than to correct a mistake, regarding the defendants' identities such that Rule 15(c) requirements for relation back were not met).

Where, as here, an amendment is sought to add new defendants, the amendment will not relate back to the filing date of the Complaint, and thus avoid being time-barred, "if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Id*. at 470. Plaintiff, however, offers no explanation for not naming West, Dr. Gibson, or any other employee of Elmira's dental department as a defendant. As such, the court is unable to determine whether Plaintiff's failure to name such persons as defendants resulted from a mistake, in which case the claims would relate back to the date the original complaint was filed, or reflects the fact that Plaintiff was merely unaware of the identity of such parties, in which case the relation back doctrine is not applicable to Plaintiff's claims. *Barrow*, 66 F.3d at 470. As such, Plaintiff's motion is DENIED, without prejudice and with leave to renew should Plaintiff ascertain that the failure to name West, Dr. Gibson, or any other Elmira dental department employee as a defendant in the original Complaint was based on a mistake, rather than on lack of knowledge as to such parties.

## **CONCLUSION**

Based on the foregoing, Defendants' motion to file an amended answer (Doc. No. 16) is GRANTED; Plaintiff's motion to join additional defendants (Doc. No. 20), is DENIED without prejudice. Defendants shall file and serve their Amended Answer within 20 days of this Decision and Order. Following such, a further Rule 16(b) Scheduling Conference for consideration of an amended scheduling order will be calendared by the court.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: March 17, 2010
            Buffalo, New York

**PURSUANT TO FED. R. CIV. P. 72(a), ANY NOTICE OF APPEAL OF THIS DECISION AND ORDER MUST BE FILED WITH THE CLERK OF THE COURT WITHIN FOURTEEN (14) DAYS OF ENTRY.**